Jose A. REYES, Plaintiff-Appellant,

v.

LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL UNION NO. 16, et al., Defendants-Appellees.

No. 71–1607.

United States Court of Appeals,
Tenth Circuit.

July 17, 1972.

Rehearing Denied Sept. 7, 1972.

Leonard L. Pickering, Albuquerque, N. M., for plaintiff-appellant.

John Quinn, Santa Fe, N. M., for defendants-appellees.

Before PHILLIPS, HILL and BARRETT, Circuit Judges.

HILL, Circuit Judge.

This is an appeal from a judgment, after trial to the court in the District of New Mexico, denying appellant's requested relief based on his complaint that disciplinary action imposed upon him by Laborers' International Union, Local 16 (Union) was in violation of rights guaranteed under the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 401 et seq.

On appeal, Reyes asserts the trial court erroneously limited its review of the disciplinary proceeding to determining whether or not the union had complied with safeguards provided in 29 U.S.C. § 411(a) (5) against improper union disciplinary action. Additionally, appellant asserts error in the trial court's failure to consider his direct assault on the union's authority to impose the disciplinary sanction of three years' suspension from attending union meetings and a fine of $250. In attacking the judgment of the trial court, Reyes contends the court erred in its finding that he had been afforded a full and fair hearing by the union. He asserts this finding is not only unsupported by substantial evidence, but that it is contrary to the preponderant evidence. Reyes also contends the suit in the lower court was justified on the basis of his allegations of misreporting by the officers concerning the Union's financial matters. The trial court refused all of Reyes' requested relief and he now appeals also seeking recovery of attorney and accounting fees and costs.

The facts disclose that Reyes was an active and vocal member of the Union. He had previously opposed the Union management as a member of a slate of opposing candidates in a previous election which he lost and subsequently had set aside due to election irregularities. Reyes had also sent various letters to the Department of Labor, United States senators and representatives, requesting

investigations of the Union and alleging embezzlement and breach of fiduciary duties by the Union's officers. The incident giving rise to the charges and disciplinary action occurred on August 9, 1968. On that afternoon Reyes entered the Union meeting hall and challenged the Union president to fight him. He also threatened various other Union officials and was generally violent, profane and vulgar. That evening Reyes disrupted the Union meeting and caused it to be adjourned without ever having transacted any business. Charges were filed by the Union president against Reyes, and notice of the charges was mailed to Reyes on August 13, 1968. On August 20, 1968, Reyes requested the entire Executive Board be disqualified from participating in his hearing. A hearing was held September 14, 1968 before a Trial Board comprised of some of the members of the Executive Board, together with Fred Gardner, the International representative. After hearing testimony from both Ortega, the Union president whom Reyes had challenged, and Reyes, the Trial Board imposed the suspension and fine. On appeal to the General Executive Board of the Laborers' International Union, the fine was reduced to $100 and the three-year suspension was upheld. Reyes subsequently filed his complaint in the district court seeking further relief.

■ The trial court correctly interpreted its role in reviewing the union disciplinary proceeding. That court, when reviewing such disciplinary action is not free to substitute its judgment for that of the Union; it must uphold the Union's findings if supported by any evidence produced at the disciplinary trial conducted by an unbiased trial body which afforded a fair and impartial determination of guilt.[1] The trial court did not err in its self-imposed limitation on review, nor do we find error in its decision upholding the disciplinary sanctions imposed.

■ We further are not moved by appellant's argument that the suspension from attending meetings violated his rights as a Union member. Suspension is expressly recognized in 29 U.S.C. § 411(a) (5) as one of the disciplinary actions for which the procedural safeguards must be afforded. In Lewis v. American Fed'n of State Employees, 407 F.2d 1185 (3d Cir. 1969), cert. denied, 396 U.S. 866, 90 S.Ct. 145, 24 L.Ed.2d 120, reversing the trial court and upholding the decision of the union to expel one of its members, Judge Aldisert stated at 1193, "disciplinary provisions [of the Union constitution] which call for expulsion will be enforced so long as the constitutionally-mandated grounds for expulsion are not of themselves illegal as violating public policy . . . ." We have not been apprised of any provision of the Union constitution which was violated by Reyes suspension.

■ Appellant lastly asserts his entitlement to costs and fees incurred in the accounting and in this action. Title 29 U.S.C. § 501(b) provides, *inter alia,* for the allocation of "a reasonable part of the recovery in any action under this subsection to pay the fees of counsel prosecuting the suit . . . and . . . for any expenses necessarily paid or incurred by him in connection with the litigation." Recovery under the statute has not been restricted to a limited monetary recovery by the Union, but rather has included any benefit realized by the Union.[2] The record does not reflect any benefit conferred on the Union by the institution of the action by Reyes.

Affirmed.

1. Burke v. International Brotherhood of Boilermakers, 417 F.2d 1063 (9th Cir. 1969), aff'g 302 F.Supp. 1345 (N.D.Cal. 1967).

2. Local 92, International Association of Bridge, Structural and Ornamental Iron Workers, AFL–CIO v. Norris, 383 F.2d 735 (5th Cir. 1967).